UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET T.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 22-cv-00616-JLB<br><br>**ORDER RE: PLAINTIFF'S MERITS BRIEF**<br><br>**[ECF No. 9]** |

On May 2, 2022, plaintiff Janet T. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by Kilolo Kijakazi, the Acting Commissioner of Social Security ("Commissioner"), denying her application for a period of disability and disability insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision is Plaintiff's merits brief.[1] (ECF No. 9.) The Commissioner filed an opposition (ECF No. 13), and Plaintiff filed a reply (ECF No. 14). For the reasons set forth herein, the Court **GRANTS** Plaintiff's merits

---

[1] The Court construes Plaintiff's improperly filed motion for summary judgment as her merits brief. *See* CivLR 7.1(e)(6)(e)(1); ECF No. 8.

1

brief, reverses the decision of the Commissioner, and remands this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.  PROCEDURAL BACKGROUND

On or about October 17, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning September 1, 2018. (Certified Administrative Record ("AR") at 178–79.) After her application was denied initially and upon reconsideration (AR 69–81, 82–96), Plaintiff requested an administrative hearing before an administrative law judge ("ALJ") (AR 121–22). A telephonic administrative hearing was held on January 8, 2021. (AR 40–68.) Plaintiff appeared at the hearing with counsel, and testimony was taken from her, as well as from a vocational expert ("VE"). (AR 40–68.)

As reflected in his March 4, 2021, hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 1, 2018, through the date of decision. (AR 12–39.) The ALJ's decision became the final decision of the Commissioner on March 1, 2022, when the Appeals Council denied Plaintiff's request for review. (AR 1–6.) This timely civil action followed. (ECF No. 1.)

## II.  SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a). At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2018, the alleged onset date. (AR 17.)

At Step Two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia; cervical spondylosis and cervical dystonia; and irritable bowel syndrome ("IBS"). (AR 17–26.) He also determined that Plaintiff had the following non-severe medically determinable physical impairments: dyspepsia and gastroesophageal reflux disease ("GERD"); Barrett's esophagus; interstitial cystitis; diverticulosis; diverticulitis; gastritis; chronic pain syndrome; perimenopause and menopausal symptoms; disc disease of the lumbar spine; degenerative changes of the sacroiliac ("SI") joints; borderline

normal/mild sensorineural hearing loss of the bilateral ears; and insomnia. (AR 17–21.) He further determined that Plaintiff had the following non-severe medically determinable mental impairments: anxiety disorder, major depressive disorder, and posttraumatic stress disorder ("PTSD"). (AR 21–26.)

At Step Three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 26.) The ALJ considered Plaintiff's medically determinable physical impairments under Listings 1.04 and 5.06 and Social Security Ruling ("SSR") 12-2p. (AR 26.)

Next, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") "to perform light work," as defined in 20 C.F.R. § 404.1567(b), except she "must avoid concentrated exposure to extreme cold, and to extreme heat." (AR 26–33.)

For purposes of his Step Four determination, the ALJ determined that Plaintiff is capable of performing past relevant work as a teacher aide I, audit clerk, and medical record coder. (AR 33–34.) Based on the VE's testimony that a hypothetical person with Plaintiff's vocational profile and RFC could perform the requirements of her past relevant work, the ALJ found that Plaintiff was not disabled under the law from September 1, 2018, through the date of decision. (AR 33–34.)

The ALJ did not proceed to Step Five of the sequential evaluation process.

### III. PLAINTIFF'S CLAIMS OF ERROR

As reflected in Plaintiff's merits brief, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ erred by omitting Plaintiff's mental limitations from the RFC (ECF No. 9 at 5);
2. Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony (*id.*); and
3. Whether the ALJ erred by failing to include limitations stemming from Plaintiff's cervical dystonia in the RFC (*id.*).

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). In reaching his findings, the ALJ is entitled to draw inferences which logically flow from the evidence. *Id.*

## V. DISCUSSION

### A. The ALJ Erred in Determining Plaintiff's RFC

#### 1. Parties' Arguments

Plaintiff first argues that the ALJ erred by failing to include Plaintiff's mild mental limitations in the RFC or, alternatively, by failing to include a discussion regarding his reasons for omitting Plaintiff's mild mental limitations from the RFC. (ECF No. 9 at 12–17.)

In response, the Commissioner argues that although the ALJ was required to consider Plaintiff's mild mental limitations in assessing the RFC, he was not required to include any limitations unless the record indicated such limitations significantly affected Plaintiff's ability to work. (ECF No. 13 at 7.) The Commissioner further argues that the ALJ "thoroughly discussed the evidence regarding Plaintiff's mental impairments, concluded they were non-severe, and properly excluded any limitations from the RFC

because the evidence did not indicate that the mental impairments impacted Plaintiff's ability to perform basic work activities." (*Id.* at 12.)

In her reply, Plaintiff specifically points to the ALJ's failure to include any mental limitations in the RFC despite having rejected Dr. Nicholson's opinion that Plaintiff could perform detailed and complex instructions. (ECF No. 14 at 2–3.)

### 2. Legal Standard

In evaluating a claimant's mental impairments, an ALJ must follow a special technique. 20 C.F.R. § 404.1520a(a). Under the special technique, an ALJ must first evaluate a claimant's "pertinent symptoms, signs, and laboratory findings" to determine whether the claimant has a medically determinable mental impairment. *Id.* § 404.1520a(b)(1). Next, an ALJ must rate the degree of functional limitation resulting from the mental impairment by considering all relevant evidence "to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." *Id.* § 404.1520a(c)(1). Specifically, an ALJ will rate the claimant's degree of limitation in the following four broad functional areas, also known as the "paragraph B" criteria: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 404.1520a(c)(3); *see also id.* § Pt. 404, Subpt. P, App. 1, § 12.00(E). The ALJ will use the following five-point scale to rate the degree of limitation: none, mild, moderate, marked, or extreme. *Id.* § 404.1520a(c)(4).

At Step Two, an ALJ considers the medical severity of a claimant's impairments. *Id.* § 404.1520(a)(4)(ii). If the ALJ rates a claimant's degrees of limitation as "none" or "mild" under the special technique, the ALJ will generally conclude that the claimant's mental impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* § 404.1520a(d)(1). At Step Three, an ALJ determines whether a claimant's severe mental impairment "meets or is equivalent in severity to a listed mental disorder." *Id.* § 404.1520a(d)(2).

///

The RFC is used at Step Four to decide if a claimant can do past relevant work. 20 C.F.R. § 404.1545(a)(5)(i). A claimant's RFC "is the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) ("The RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). The ALJ is "responsible for assessing [the RFC]." 20 C.F.R. § 404.1546(c). The ALJ must determine a claimant's RFC "based on all of the relevant medical and other evidence," and will consider "any statements about what [the claimant] can still do that have been provided by medical sources" and "descriptions and observations of [the claimant's] limitations" provided by the plaintiff and other non-medical sources. 20 C.F.R. § 404.1545(a)(3); *Laborin*, 867 F.3d at 1153.

Only limitations supported by substantial evidence must be included in questions presented to VEs. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). An ALJ need not include "any impairments that the ALJ has properly rejected." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). Thus, if an ALJ finds a mild mental impairment is adequately addressed in an RFC that omits mental limitations, the hypothetical questions posed to the VE need not include mental limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001) (explaining it is "proper for an ALJ to limit a hypothetical" and finding the ALJ did not err by omitting any limitations for depression when questioning the VE where the record showed Osenbrock's "depression [was] a mild impairment, which presented no significant interference with the ability to perform basic work-related activities").

///
///
///
///

3.   Analysis

As stated above, Plaintiff argues that the ALJ erred by failing to include Plaintiff's mild mental limitations in the RFC or, alternatively, by failing to include a discussion regarding his reasoning for omitting Plaintiff's mild mental limitations in the RFC. (ECF No. 9 at 16.) The Court addresses this issue in two steps: first, whether the ALJ failed to consider Plaintiff's mild mental limitations in the RFC and second, whether the ALJ improperly determined Plaintiff's RFC by not including mental limitations called for by the record evidence and the ALJ's own findings.

To support the argument that the ALJ failed to consider Plaintiff's mild mental limitations in assessing the RFC, Plaintiff relies on *Hutton v. Astrue*, 491 F. App'x 850, 850–51 (9th Cir. 2012).[2] (ECF No. 9 at 14.) In *Hutton*, the ALJ determined at Step Two that the claimant had a medically determinable mental impairment of PTSD, which caused "'mild' limitations in the area of concentration, persistence, or pace." *Hutton*, 491 Fed. App'x at 850. The Ninth Circuit observed that under the Regulations, all impairments must be considered—whether severe or not—in formulating the RFC, and explained:

> Regardless of its severity, however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's RFC. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe[.]'"). The ALJ, however, failed to do so. Instead, the ALJ discredited Hutton, his treating physicians' opinions, and the VA's disability rating. . . . .
>
> [T]he ALJ then mischaracterized Mrs. Hutton's testimony at least five times. Finally, the ALJ concluded that, based on Hutton's lack of credibility, his PTSD claims were in "great doubt." On that basis, the ALJ excluded Hutton's PTSD from consideration. This exclusion was legal error. To determine Hutton's RFC properly, the ALJ was required to consider Hutton's physical impairments and the "mild" limitations his PTSD caused with concentration, persistence, or pace, regardless of whether the ALJ doubted that they were

---

[2]   *Hutton* is an unpublished decision that is not binding on this Court. *See generally* Fed. R. App. P. 32.1; U.S.Ct. of App. 9th Cir. Rule 36-3.

caused by Hutton's ever-shifting military history. *See* 20 C.F.R. § 404.1545(a)(2). Further, while the ALJ was free to reject Hutton's testimony as not credible, there was no reason for the ALJ to disregard his own finding that Hutton's nonsevere PTSD caused some "mild" limitations in the areas of concentration, persistence, or pace.

*Id.* at 850–851. Therefore, the Court vacated the decision of the ALJ and remanded the action to the ALJ for reconsideration. *Id.*

Following *Hutton*, numerous district courts in the Ninth Circuit, including this one, "found reversible error where the ALJ failed to at least consider mild mental limitations when assessing the claimant's RFC." *Patricia C. v. Saul*, No. 19-cv-00636-JM-JLB, 2020 WL 4596757, at *13 (S.D. Cal. Aug. 11, 2020), *adopted by* 2020 WL 5423887, at *1 (S.D. Cal. Sept. 10, 2020); *see also Gates v. Berryhill*, No. ED-CV-16-00049-AFM, 2017 WL 2174401, at *2–3 (C.D. Cal. May 16, 2017); *Smith v. Colvin*, No. 14-cv-05082-HSG, 2015 WL 9023486, at *8–9 (N.D. Cal. Dec. 16, 2015) ("The current record is unclear as to whether the ALJ properly considered the claimant's mild mental limitations when assessing her RFC"); *Kramer v. Astrue*, No. CV-12-5297-MLG, 2013 WL 256790, at *2–3 (C.D. Cal. Jan. 22, 2013). However, courts have determined *Hutton* is inapplicable where the record demonstrates that the ALJ considered a claimant's non-severe mental impairments before concluding that they did not cause any significant limitation necessitating inclusion in the RFC. *Dimartini v. Colvin*, No. 15-cv-00997-GPC-JMA, 2016 WL 4142344, at *5–6 (S.D. Cal. Aug. 4, 2016); *see also Denney v. Saul*, No. 18-cv-00689-GSA, 2019 WL 4076717, at *6–8 (E.D. Cal. Aug. 28, 2019); *Thompson v. Saul*, No. 18-cv-00137-BAM, 2019 WL 3302471, at *7 (E.D. Cal. July 23, 2019); *Malherek v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00409-TUC-CKJ (DTF), 2019 WL 5078223, at *6–8 (D. Ariz. June 5, 2019), *adopted by* No. CV-18-00409-TUC-CKJ, 2019 WL 4686631 (D. Ariz. Sept. 26, 2019); *Jones v. Berryhill*, No. ED-CV-17-1138-AS, 2018 WL 3956479, at *3 (C.D. Cal. Aug. 15, 2018).

Here, at Step Two, the ALJ determined that Plaintiff's medically determinable mental impairments of anxiety disorder, major depressive disorder, and PTSD, considered

singly and in combination, do not cause more than minimal limitation in her ability to perform basic mental work activities and are therefore non-severe. (AR 21.) In making this finding, the ALJ assessed the "paragraph B" criteria. (AR 21–26.) The ALJ found that Plaintiff has only mild limitation in her ability to (1) understand, remember, and apply information, (2) interact with others, (3) concentrate, persist, or maintain pace, and (4) adapt or manage herself. (AR 21–23.) A mild limitation indicates a claimant's "functioning in [that] area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(b).

In making these findings, the ALJ relied on the mental status examination and opinion of psychiatrist consultative examiner Gregory Nicholson, M.D., and the opinion of State Agency psychological consultant Elizabeth Covey, Psy.D. (AR 21–23.) The ALJ found Dr. Covey's opinion to be "persuasive" and Dr. Nicholson's opinion to be "overall persuasive." (AR 24–25.)[3] The ALJ also relied on Plaintiff's subjective symptom statements in her Adult Function Report, including her daily activities. (AR 21–23.) The ALJ further determined that there was medical evidence to support his assessment. (AR 23.) He pointed to Plaintiff's May 2019 scores on the Wechsler Adult Intelligence Scale, 4th Edition (WAIS-IV). (AR 23.) He also pointed to a December 2019 mental status examination of Plaintiff performed by psychiatrist Alejandro Meruelo, M.D., who noted only benign findings, and a July 2020 mental status examination of Plaintiff by psychiatrist Martina Klein, M.D., who also noted only benign findings. (AR 23.)

The ALJ concluded that "[b]ecause the claimant's medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas <u>and</u> the

---

[3] The ALJ also found the opinion of State Agency psychological consultant Megan Nicoloff, Psy.D. to be "partially persuasive," but he did not rely on Dr. Nicoloff in assessing the "paragraph B" criteria. (AR 25.) Dr. Nicoloff assessed Plaintiff with mild limitation in understanding, remembering, or applying information, but with no other limitations. (AR 25, 76.) Dr. Covey, on the other hand, assessed Plaintiff with mild limitations in all four functional areas. (AR 90.)

evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non-severe." (AR 23.) The ALJ then stated that the limitations he identified in assessing the "paragraph B" criteria are not an RFC assessment but are only used to rate the severity of Plaintiff's mental impairments at Steps Two and Three. (AR 23–24.) He noted that the mental RFC assessment used at Steps Four and Five requires a more detailed assessment. (AR 24.) He added that the "following [RFC] assessment reflects the degree of limitation [he] found in the 'paragraph B' mental function analysis." (AR 24.) In later assessing Plaintiff's RFC, the ALJ did not specifically discuss Plaintiff's medically determinable mental impairments. (AR 26–33.) However, the ALJ briefly stated that he had "considered all symptoms," as well as the medical opinions in the record. (AR 26.)

Based on the foregoing, the Court finds that the ALJ considered and assessed all relevant evidence of record related to Plaintiff's mental impairments including her subjective symptom statements, daily activities, objective testing, and opinion evidence. *See* 20 C.F.R. § 404.1520a(c)(1). Plaintiff does not challenge the finding of non-severity or identify any evidence related to Plaintiff's mental impairments that the ALJ failed to consider and discuss. Although the ALJ did not repeat his discussion in assessing Plaintiff's RFC, he clearly stated that his "[RFC] assessment reflects the degree of limitation [he] found in the 'paragraph B' mental function analysis," and later, in assessing the RFC, briefly stated that he had considered all symptoms and medical opinions. (AR 24, 26.)

An ALJ must discuss and evaluate evidence substantiating his conclusions; however, he is not required to do so under any particular heading in his written decision. *Renee R. v. Kijakazi*, No. 21-cv-775-RBB, 2022 WL 4389692, at *6 (S.D. Cal. Sept. 21, 2022) (citing *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir. 2013)). As long as the ALJ "actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment" in the RFC, and does not simply rely on "boilerplate language," there is no legal error. *Id.* (quoting *Medlock v. Colvin*, No. CV 15-

9609-KK, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016)).  Here, the Court finds the record does not support Plaintiff's assertion that the ALJ did not consider her medically determinable mental impairments (*i.e.*, anxiety disorder, major depressive disorder, and PTSD) in formulating the RFC.

However, the Court finds that the ALJ did ultimately err in assessing Plaintiff's mental RFC.  As noted by Plaintiff, the ALJ specifically found "less persuasive" Dr. Nicholson's opinion that Plaintiff has no limitation in her ability to "do detailed and complex instructions."  (ECF No. 14 at 2–3; AR 24, 597.)[4]  He found that portion of Dr. Nicholson's opinion less persuasive because it was not supported by Dr. Nicholson's mental status findings and was inconsistent with the mental status examination findings of Dr. Meruelo and Dr. Klein.  (AR 24.)  On the other hand, the ALJ found persuasive Dr. Nicholson's opinion that Plaintiff is "able to understand, remember, and carry out simple one or two-step job instructions."  (AR 24, 597.)  The Court finds that the ALJ erred by failing to include—or at least explain his failure to include—a limitation related to Plaintiff's inability to do detailed and complex instructions in assessing her RFC.

The ALJ's error was not harmless[5] because the occupations the ALJ determined Plaintiff was capable of performing require a Reasoning Level 4.  *See* Dictionary of Occupational Titles (4th ed. 1991) ("DOT") 099.327-010, 1991 WL 646952 (teacher aide), DOT 210.382-010, 1991 WL 671820 (audit clerk).[6]  "There are six GED Reasoning Levels

---

[4]   Dr. Nicholson opined that "[t]he claimant is able to do detailed and complex instructions."  (AR 597.)

[5]   *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (defining harmless error as such error that is "inconsequential to the ultimate nondisability determination").

[6]   The third occupation identified by the ALJ is medical record coder, DOT 079.262-014.  (AR 34.)  However, the Court cannot locate a DOT job classification code with this number in the DOT database.  *See Lobato v. Kijakazi*, No. 2:21-CV-00658-VCF, 2022 WL 2712884, at *4 (D. Nev. July 13, 2022) ("A search for 'medical records coder' in the [DOT] database does not produce a search result."); *Amin v. Astrue*, No. SACV09-01125-VBK, 2010 WL 2384595, at *1 n.1 (C.D. Cal. June 9, 2010) ("DOT number 079.262–014 is a

that range from Level One (simplest) to Level Six (most complex)." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (citing DOT, App. C, § III, 1991 WL 688702). "As one goes up the numerical reasoning development scale used by the DOT, the level of detail involved in performing the job increases while the job task becomes less routine." *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005). Reasoning Level 4 requires the claimant to be able to "[a]pply principles of rational systems[] to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists" and "[i]nterpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form." DOT, App. C, § III, 1991 WL 688702.

The Ninth Circuit has held that "there is an apparent conflict between [an RFC] to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015); *cf. Rounds*, 807 F.3d at 1003 (finding that an RFC limitation to one- and two- step tasks is consistent with Reasoning Level 1). Therefore, there is an apparent conflict between the opinion that Plaintiff is capable of understanding, remembering, and carrying out simple one or two-step job instructions, but has some limitation in following detailed and complex instructions, and the demands of Reasoning Level 4. As such, the Court finds the ALJ erred in assessing Plaintiff's mental RFC, and such error was not harmless at Step 4.[7]

---

non-existent category."). "[L]egal error exists when the ALJ relied upon a DOT job code number that does not exist." *Lobato*, 2022 WL 2712884, at *4 (citing *Burnett v. Commissioner*, 220 F.3d 112, 124 (3d Cir. 2000)). Because the Court finds this matter appropriate for remand, it does not address whether this error was harmless.

[7] The Court notes that during the administrative hearing, the ALJ indicated that Plaintiff would reach advanced age during the adjudicated period and that the Medical–Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids") would therefore apply. (AR 64.) The VE testified that if Plaintiff were limited to "understanding, remembering, carrying out only simple, routine tasks," performing "jobs requiring only simple work-related decisions," and unskilled work, she could not perform past work and would have no transferrable skills. (AR 64–65.) However, the ALJ did not ask the VE to

### B.   The Court Declines to Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [the plaintiff's] alternative ground for remand."); *see also Curtis B. v. Saul*, No. 5:18-01051 ADS, 2020 WL 1304081, at *6 (C.D. Cal. Mar. 19, 2020) (declining to address the plaintiff's remaining argument after finding that "remand is warranted"); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."). Because it is unclear whether Plaintiff is in fact disabled, remand here is on an "open record." *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003). The parties may freely take up all issues raised in the briefing before the Court, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

### C.   Remand for Further Administrative Proceedings is Appropriate

Remand for further administrative proceedings, rather than an award of benefits, is warranted because further administrative review could remedy the ALJ's errors. *See Brown-Hunter*, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances). This is not a case where "further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). On remand, the ALJ shall properly review and evaluate Dr. Nicholson's opinion and reassess Plaintiff's RFC. The ALJ shall then proceed through steps four and five, if necessary, to determine what work, if any, Plaintiff is capable of performing.

///

---

opine on whether there would be three light jobs available with such limitations for someone of advanced age or if the grids would direct a finding of disabled. (AR 64–65.)

### VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's merits brief, reverses the decision of the Commissioner, and remands this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated: September 20, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge