UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET T.,<br><br>                      Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Acting<br>Commissioner of Social Security,[1]<br><br>                      Defendant. | Case No.:  22-cv-00616-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412(d))**<br><br>**[ECF No. 19]** |

Pending before the Court is the parties' Joint Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No. 19.) For the reasons that follow, the joint motion is **GRANTED.**

**I.      BACKGROUND**

On May 2, 2022, Plaintiff Janet T. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by Martin O'Malley, the Acting

---

[1]      Martin O'Malley, the current Acting Commissioner of Social Security, is automatically substituted as the defendant for Kilolo Kijakazi, the former Acting Commissioner of Social Security, pursuant to Federal Rule of Civil Procedure 25(d).

1

Commissioner of Social Security (the "Commissioner"), denying her application for social security disability insurance benefits.  (ECF No. 1.)   The Commissioner filed the administrative record on July 12, 2022.  (ECF No. 7.)  Thereafter, Plaintiff filed a merits brief (ECF No. 9), and the Commissioner filed an opposition (ECF No. 13).  On September 20, 2023, the Court granted Plaintiff's merits brief, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 17.)

On December 19, 2023, the parties filed the instant joint motion requesting the Court award Plaintiff attorney fees and expenses in the amount of $6,700.00[2] under the EAJA, and costs in the amount of $402.00 under 28 U.S.C. § 1920.  (ECF No. 19 at 1.)  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action.  (*Id.*)

## II.     THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action.  28 U.S.C. § 2412(d)(1)(B).  "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted) (citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).  Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired.  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

---

[2]     In Plaintiff's itemization of fees, the total amount of the attorney fees was calculated to be $6,887.95.  (ECF No. 19-2.)  However, the parties negotiated a lesser amount and, in the parties' joint motion, the total fee requested for attorney fees was $6,700.00. (ECF No. 19 at 1.)

1    Here, the parties filed the motion for EAJA fees on December 19, 2023, which is
2    29 days after the 60-day appeal period ended.  Accordingly, the Court finds that the parties'
3    joint motion is timely.

4    **III.   DISCUSSION**

5    A litigant is entitled to attorney's fees under the EAJA if: "(1) [s]he is the prevailing
6    party; (2) the government fails to show that its position was substantially justified or that
7    special circumstances make an award unjust; and (3) the requested fees and costs are
8    reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano*
9    *v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).   The
10   Court will address these elements in turn.

11   **A.      Prevailing party**

12   "A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even
13   when further administrative review is ordered, "is considered a prevailing party for
14   purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schaefer*, 509 U.S. at 297–
15   98, 301–02).  Here, Plaintiff is the prevailing party because the Court granted her merits
16   brief, reversed the decision of the Commissioner, and remanded the matter for further
17   administrative proceedings.  (*See* ECF No. 17.)

18   **B.      Substantial Justification**

19   It is the Commissioner's burden to prove that his position, both in the underlying
20   administrative proceedings and in the subsequent litigation, was substantially justified
21   under 28 U.S.C. 2412(d)(1)(A).  *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).  Here,
22   the Commissioner makes no argument that his position was substantially justified.  Rather
23   the instant fee request comes to the Court by way of a joint motion.  (*See* ECF No. 19.)
24   Accordingly, the Commissioner has not met his burden of showing his position was
25   substantially justified or that special circumstances make an award unjust.

26   **C.      Reasonableness of Hours**

27   "The most useful starting point for determining the amount of a reasonable fee is the
28   number of hours reasonably expended on the litigation multiplied by a reasonable hourly

22-cv-00616-JLB

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").  Accordingly, the Court finds the 29.3 total hours billed by Plaintiff's counsel to be reasonable in light of Plaintiff's results in the case.  *See Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-AHG, 2022 WL 17826795, at *2 (S.D. Cal. Dec. 20, 2022) (finding 51.5 total hours requested reasonable where the court granted the plaintiff's merits brief, reversed the decisions of the Commissioner, and remanded the matter for further proceedings).

**D.     Reasonableness of Hourly Rate**

The EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A). The statutory maximum EAJA rate for work performed in 2023 in the Ninth Circuit, factoring in increases in the cost of living, was $244.62, and the statutory maximum EAJA rate for 2022 was $234.95.  *See* United Sates Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Jan. 18, 2024).

Here, Counsel's hourly rates are in line with the Ninth Circuit's EAJA hourly rate. (ECF No. 19-2.)  Plaintiff's counsel billed an hourly rate of $242.78 for work completed in 2023 and $234.95 for work completed in 2022.  (*Id.*)  Accordingly, the Court finds that the hourly rate billed by counsel is reasonable.  *See Roland S. v. Saul*, No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

### E.    Costs

Filing fees are recoverable costs under the EAJA.  28 U.S.C. §§ 1920, 2412(d); *see Darren Jeffrey C.*, 2022 WL 17826795, at *4 (awarding $402 in filing costs after the Court remanded in Plaintiff's favor).  Here, Plaintiff seeks reimbursement of the $402.00 filing fee expended to initiate this action.  Although Plaintiff does not attach any receipt in support of the costs requested, the Court takes judicial notice that the docket in this action reflects the payment of the filing fee.  (ECF No. 1 ($402.00 filing fee, receipt number ACASDC-16785915).)   Accordingly, the Court grants the reimbursement costs in the amount of $402.00.

### F.    Assignment of Rights to Counsel

The parties jointly request that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to [Plaintiff's counsel], pursuant to the assignment executed by Plaintiff."  (ECF No. 19 at 2.)

"[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018).  Here, Plaintiff assigned her EAJA fees to her attorney, Martha Yancey.  (ECF No. 19-1.)  Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to attorney Martha Yancey pursuant to the assignment agreement and the parties' joint motion.

///

///

///

///

22-cv-00616-JLB

1  **IV.   CONCLUSION**

2      Based on the foregoing, the Court **GRANTS** the parties' joint motion and

3  **AWARDS** Plaintiff $6,700.00 in attorney fees and expenses pursuant to 28 U.S.C. § 2412,

4  and $402.00 in costs pursuant to 28 U.S.C. § 1920, subject to the terms of the joint motion.

5  **IT IS SO ORDERED.**

6  Dated:  February 1, 2024

7  _____
   Hon. Jill L. Burkhardt

8  United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22-cv-00616-JLB